IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  09-cv-02302-LTB-BNB


THOMAS G. KRUSE,

            Plaintiff,

v.

US BANK N.A. AS TRUSTEE; AND
MARGARET T. CHAPMAN, AS PUBLIC TRUSTEE OF JEFFERSON COUNTY, CO,

            Defendant.

_____

ORDER
_____

        This matter is before me on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and

(6) filed by Defendant US Bank, N.A.  [**Doc #3**]   Defendant requests dismissal of the complaint

filed against it by Plaintiff, Thomas G. Kruse.  Oral arguments will not materially aid in the

resolution of this motion.  After consideration of the parties' briefs and related pleadings, and for

the reasons stated below, I DENY Defendant's motion seeking dismissal pursuant to Fed. R. Civ.

P. 12(b)(5) and I DENY IN PART Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(d), I ORDER that a portion of the motion is converted from a

motion to dismiss to a motion for summary judgment.

**I.  Background**

        On July 18, 2007, Plaintiff executed a promissory note secured by a deed of trust

encumbering his home located at 6263 Starlight Drive in Morrison, Colorado.  On March 13,

2009, Plaintiff sent a Notice of Intent to Rescind the loan at issue, but received no response.

Defendant subsequently initiated a foreclosure action on June 26, 2009.  On September 3, 2009, the Jefferson County District Court authorized the foreclosure sale on the real property.

Plaintiff thereafter filed this action in the Jefferson County District Court, on September 16, 2009, alleging violations of: 1) The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; 2) The Real Estate Settlement Procedures Act, 15 U.S.C. § 2601, *et. seq.*; 3) The Home Ownership and Equity Protection Act, 15 U.S.C. § 1639; and 4) state law.  His complaint seeks both damages and rescission.  Also at that time Plaintiff filed a motion seeking a temporary restraining order to stop the scheduled foreclosure sale, which was subsequently denied by the Jefferson County District Court.

Defendant has filed its Notice of Removal with this court, and now seeks dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) and/or Fed. R. Civ. P. 12(b)(6). Plaintiff opposes this request.

## II.  Fed. R. Civ. P. 12(b)(5)

Plaintiff first seeks dismissal under Fed. R. Civ. P. 12(b)(5) – which provides a defense for insufficient service of process – on the grounds that this court does not have personal jurisdiction over it in that Plaintiff has failed to serve a copy of the summons and complaint on the Defendant.

It appears, however, that after the completion of the briefing on this motion, Plaintiff served the complaint on the Defendant on November 10, 2009. [Doc # 8]  As a result, dismissal for insufficient service of process pursuant to Fed. R. Civ. P.  12(b)(5) is no longer at issue.

2

### III. Fed. R. Civ. P. 12(b)(6)

Defendant also seeks dismissal of this case for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215  (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).  "In doing so, we ask whether there is plausibility in the complaint.  The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level."  *Hall v. Witteman,* 584 F.3d 859, 863 (10th Cir. 2009)(*citing Christy Sports, LLC v. Deer Valley Resort Co., 555* F.3d 1188, 1191 (10th Cir. 2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* ___U.S.___ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and, likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*   Thus, in evaluating a dismissal under Fed. R. Civ. P. 12(b)(6), the court first "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth," and then "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951; *Hall v. Witteman, supra.*

3

Plaintiff's complaint asserts that Defendant is precluded from foreclosing on his property in that the loan at issue was rescinded. Plaintiff seeks declaratory relief (a declaration that the loan was rescinded and that the foreclosure sale could not proceed), injunctive relief (requiring that Defendant withdraw the deed of trust, that the foreclosure sale be cancelled, and that no negative information be reported on Plaintiff's credit report), and damages as a set off against any sum still owed by him following the rescission of the loan.

In support of his claim, Plaintiff's complaint alleges various lender law violations during the application process and closing of his loan, as follows: 1) that during the loan process Plaintiff was not provided applicable separate disclosures for a high interest loan as is required by the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); 2) that the required disclosures for his adjustable rate mortgage were not provided at the time of his loan application as required by The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); 3) that the disclosure of other/alterative adjustable rate mortgage programs were not provided when he applied for the loan, as required by 12 C.F.R. 226.19 which governs transactions subject to The Real Estate Settlement Procedures Act, 15 U.S.C. § 2601, *et. seq.* ("RESPA"); 4) that the closing and settlement charges on his loan were understated by $9,000 in violation of TILA; 5) that three informational brochures were not provided to him at the time of his application in violation of TILA; and 6) the notices provided to him regarding his rescission rights were inaccurate in violation of TILA.

## A. Damages

Plaintiff's complaint seeks damages for the above alleged lender law violations. In this motion to dismiss, Defendant argues that Plaintiff's claims for damages are barred by the

one-year statute of limitations and, as such, should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Claims raised pursuant to both HOEPA and TILA must "be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also McDaniel v. Denver Lending Group, Inc*., 2009 WL 1873581, 14 (D. Colo. 2009)(ruling that because HOEPA is an amendment of TILA, the one-year statute of limitations also applies)(*citing Foster v. EquiCredit Corp., No. Civ. A. 99-6393*, 2001 WL 177188 (E.D. Pa. Jan. 26, 2001)(unpublished decision)). In addition, although it is not clear that RESPA provides a private cause of action for failure to disclose, any such claim arising has a one-year statute of limitations. *See* 12 U.S.C. § 2614; *Reese v. 1st Metropolitan Mortg. Co.*, 2003 WL 22454658, 3 (D. Kan. 2003) (unpublished decision). Courts have predominantly found the "date of the occurrence" triggering the limitations period refers to the date of the closing of the loan. *Betancourt v. Countrywide Home Loans, Inc*., 344 F.Supp.2d 1253, 1258 (D. Colo. 2004); *see also Personius v. Homeamerican Credit, Inc.*, 234 F.Supp.2d 817, 820 (N.D.Ill. 2002).

Because the complaint alleges that the loan was closed on July 18, 2007, and this action was filed over two years later on September 16, 2009, Defendant maintains that the violations alleged by Plaintiff related to insufficient or inaccurate disclosures during the loan process or at closing are time barred and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See McDaniel v. Denver Lending Group, supra*; *Boursiquot v. Citibank F.S.B.*, 323 F. Supp. 2d 350 (D. Conn. 2004)(one-year statute of limitations for claims under TILA barred complaint asserted approximately seven years after underlying loan closed).

However, as set forth in Plaintiff's response, a claim for damages and statutory penalties under TILA are not barred if they are brought as matter of recoupment or setoff.  15 U.S.C. § 1640(e) provides, in relevant part, that:

> This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Therefore, to the extent that Plaintiff's complaint seeks damages or statutory penalties for notice and disclosure violations under HOEPA and/or TILA as a setoff, such claims are not subject to dismissal for failure to state a claim upon which relief can be granted in that the face of the complaint does not clearly show that the applicable statute of limitations has run.  *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 FN 4 (10th Cir. 1980)("when the dates given in the complaint make clear that the right sued upon has been extinguished . . . statute of limitations questions may, therefore, be appropriately resolved on a  Fed.R.Civ.P. 12(b) motion")(citations omitted); *Turner and Boisseau, Inc. v. Nationwide Mut. Ins. Co.,* 944 F.Supp. 842, 844 (D. Kan. 1996).

In addition, Plaintiff may seek actual and statutory damages for a creditor's failure to honor a valid rescission request pursuant to 15 U.S.C. § 1640(a)(stating that "any creditor who fails to comply with any requirement imposed under [15 U.S.C. § 1935] ... is liable to such person ... for statutory damages, including the costs of the action, together with a reasonable attorney's fee as determined by the court.").  As discussed above, an action alleging damages for failure to comply with TILA requirements must be brought within one year from the date of the occurrence under 15 U.S.C. § 1640(e), and that date generally refers to the date of the closing of the loan.  For claims of failure to effectuate rescission, however, the date of the occurrence of the

6

violation is the earlier of when the creditor refuses to effectuate rescission, or twenty days after it receives the notice of rescission.  *See In re Fox,* 391 B.R. 772, 779 (Bkrtcy. N.D. Ohio 2008); *Tucker v. Beneficial Mortg. Co.*, 437 F. Supp. 2d 584 (E.D. Va. 2006); *Velazquez v. HomeAmerican Credit, Inc.,* 254 F.Supp.2d 1043, 1048 (N.D. Ill. 2003)(stating that the statute of limitations begins to run from the date creditor refuses to rescind).  Plaintiff's complaint alleges that he sent a Notice of Rescission on March 13, 2009, and he filed this complaint approximately six month later, on September 16, 2009.

Therefore, I deny Defendant's request to dismiss Plaintiff's claim seeking damages for the failure to effectuate rescission, as well as his claim seeking set-off damages for the alleged insufficient or inaccurate disclosures during the loan process, pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint does not show, on its face, that the applicable statute of limitations  has expired.  *See Aldrich v. McCulloch Properties, supra.*

## B.   Rescission - Declaratory and Injunctive Relief

Plaintiff's complaint also seeks declaratory and injunctive relief on the basis that he timely exercised his right to rescind pursuant to TILA – which provides an obligor with a right of rescission as to certain transactions under 15 U.S.C. § 1635(f) – and, as such, the loan at issue here was rescinded.   Specifically, Plaintiff's first cause of action in his complaint seeks a declaratory judgment that the loan has been rescinded and that the foreclosure sale may not proceed, and his second cause of action seeks injunctive relief enjoining the foreclosure sale and all other actions following the rescission of the loan.

15 U.S.C. § 1635(f) provides, in pertinent part, that if certain defined disclosures are not made, as is alleged here, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . .".  *See In re Williams,* 276 B.R. 394, 399 (Bkrtcy. E.D. Pa. 2002)(ruling that 15 U.S.C. § 1635(f) is a statute of repose that renders a belated attempt to rescind the loan transaction invalid); *see also In re Hunter* 400 B.R. 651, 656 (Bkrtcy. N.D. Ill. 2009) (rescission terminates the entire transaction and thus "encompasses a right to return to the *status quo* that existed before the loan").

In this motion, Defendant asserts that Plaintiff's property was sold at a foreclosure sale held by the Jefferson County Public Trustee on September 30, 2009, after the filing of this action.  As a result, it argues that Plaintiff's right of recision expired on the sale of the property under the clear language of 15 U.S.C. § 1635(f).  *See e.g. Hallas v. Ameriquest Mortg. Co.,* 406 F.Supp.2d 1176, 1183 (D. Or. 2005)(ruling that a foreclosure sale terminated the plaintiff's right of rescission under 15 U.S.C. § 1635(f)).

However, a motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever evidentiary materials outside of the complaint are presented and considered by the court.  Fed. R. Civ. P. 12(d); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.,* 403 F.3d 709, 713 (10th Cir. 2005)("[w]hen a party moves to dismiss under [Fed. R. Civ. P.] 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment").

8

Although Plaintiff does not directly dispute that the property at issue was sold at a foreclosure sale following the initiation of this action, it is clear that this allegation is not contained in the complaint.  As a result, I convert this motion seeking dismissal of Plaintiff's claims for declaratory and injunctive relief based on rescission from a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

In addition, Fed. R. Civ. P. 12(d) provides that when a motion to dismiss is converted to a summary judgment motion, the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *See Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005); *Burnham v. Humphrey Hospitality, supra,* 403 F.3d at 713 ("[w]hen a  district court does this, it must provide the parties with notice so that all factual allegations may be met with countervailing evidence").   Therefore, this serves a notice of the conversion of the motion and, furthermore,  I will provide the parties with time to present relevant material and evidence related to what is now Defendant's motion for summary judgment.

ACCORDINGLY, I GRANT IN PART & DENY IN PART the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and (6) [**Doc #3**], as follows:

1) The request by Defendant, U.S. Bank N.A., seeking dismissal of the complaint filed by Plaintiff, Thomas G. Kruse, under Fed. R. Civ. P. 12(b)(5) for lack of personal jurisdiction and insufficient service of process is DENIED;

2) The request to dismiss Plaintiff's claim for damages for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED; and

9

3) IT IS ORDERED THAT the request to dismiss Plaintiff's claims for declaratory and injunctive relief based on rescission (First and Second Cause of Action) pursuant to Fed. R. Civ. P. 12(b)(6), is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

IT IS FURTHER ORDERED that Plaintiff shall file his brief in response to the converted motion for summary judgment, and materials in support thereof, with the court on or before **February 8, 2010**. Defendant shall file its reply brief, and material in support thereof, no later than **February 18, 2010**.

Dated: January   26   , 2010, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE