IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02302-LTB-BNB

THOMAS G. KRUSE,

    Plaintiff,

v.

US BANK N.A., AS TRUSTEE,

    Defendant.
_____

ORDER
_____

This matter is before me on a portion of a Motion to Dismiss [**Doc #3**] filed by Defendant US Bank, N.A., that I converted to a Motion for Summary Judgment by Order dated January 26, 2009 [**Doc #13**]. After further briefing on the converted issue by both Defendant and Plaintiff, Thomas G. Kruse, I have again determined that oral arguments will not materially aid in the resolution of this motion. After consideration of the parties' briefs on the issue and for the reasons stated below, I GRANT the portion of the motion converted to summary judgment in favor of Defendant.

**I. Background**

On July 18, 2007, Plaintiff executed a promissory note secured by a deed of trust encumbering his home located at 6263 Starlight Drive in Morrison, Colorado. On March 13, 2009, Plaintiff sent a Notice of Intent to Rescind the loan at issue, but received no response. Defendant subsequently initiated a foreclosure action on June 26, 2009. On September 3, 2009,

the Jefferson County District Court authorized the foreclosure sale on the real property.

Plaintiff thereafter filed this action in the Jefferson County District Court, on September 16, 2009, alleging violations of: 1) The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; 2) The Real Estate Settlement Procedures Act, 15 U.S.C. § 2601, *et. seq.*; 3) The Home Ownership and Equity Protection Act, 15 U.S.C. § 1639; and 4) state law.  Plaintiff's complaint asserts that Defendant was precluded from foreclosing on his property in that the loan at issue was rescinded. As such, Plaintiff also filed a motion seeking a temporary restraining order to stop the scheduled foreclosure sale, which was subsequently denied by the Jefferson County District Court.  On September 30, 2009, the Jefferson County Public Trustee sold the property in a foreclosure sale.

After removing the matter to this court, Defendant filed a motion seeking to dismiss the claims against it.  In ruling on the motion to dismiss, I denied Defendant's request to dismiss Plaintiff's claim seeking damages for various lender law violations – such as the failure to effectuate rescission and his claim seeking set-off damages for the alleged insufficient or inaccurate disclosures during the loan process –because the complaint did not show, on its face, that the applicable statute of limitations had expired.  *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 FN 4 (10th Cir. 1980).

However, to the extent Defendant sought dismissal of Plaintiff's claims seeking declaratory and injunctive relief  – on the basis that he timely exercised his right to rescind pursuant to 15 U.S.C. § 1635(f) – I concluded that in order to address Defendants assertion that the applicable statute of limitations barred such relief, I would have to consider evidentiary materials outside of the complaint.  As such, I converted that portion of the motion to dismiss for

failure to state a claim to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.,* 403 F.3d 709, 713 (10th Cir. 2005)("[w]hen a party moves to dismiss under [Fed. R. Civ. P.] 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment").

## II.  Summary Judgment Standard

The purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, I examine the factual record in the light most favorable to the party opposing summary judgment, extending to that party all reasonable factual inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the movant carries its burden of showing the absence of a genuine issue of material fact, the non-movant must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

## III.  Converted Motion for Summary Judgment

Defendant argues that Plaintiff's first cause of action in his complaint – which seeks a declaratory judgment that the loan has been rescinded and that the foreclosure sale may not

proceed – and his second cause of action – which seeks injunctive relief enjoining the foreclosure sale and all other actions following the rescission of the loan – should be dismissed pursuant to 15 U.S.C. § 1635(f).

15 U.S.C. § 1635(f) provides, in pertinent part, that if certain defined disclosures are not made, as is alleged here, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . .".  *See In re Williams,* 276 B.R. 394, 399 (Bkrtcy. E.D. Pa. 2002)(ruling that 15 U.S.C. § 1635(f) is a statute of repose that renders a belated attempt to rescind the loan transaction invalid); *see also In re Hunter,* 400 B.R. 651, 656 (Bkrtcy. N.D. Ill. 2009) (rescission terminates the entire transaction and thus "encompasses a right to return to the *status quo* that existed before the loan").

The parties agree that Plaintiff's property was sold at a foreclosure sale held by the Jefferson County Public Trustee after the filing of this action.  As a result, Defendant argues that Plaintiff's right of rescission expired on the sale of the property under the clear language of 15 U.S.C. § 1635(f). *See generally Hallas v. Ameriquest Mortg. Co.,* 406 F.Supp.2d 1176, 1183 (D. Or. 2005)(ruling that a foreclosure sale terminated the plaintiff's right of rescission under 15 U.S.C. § 1635(f)).  Plaintiff argues, in response, that although the property has been sold, he exercised his right to rescind the loan before the foreclosure sale took place by sending a notice thereof and by subsequently filing this lawsuit.  As a result, he asserts that 15 U.S.C. § 1635(f) does not bar his claim.

To the extent that Plaintiff claims he is entitled to damages for Defendants' alleged

violations of various lender laws – including the failure to effectuate his rescission – I have ruled that at this juncture, Plaintiff has stated a claim for relief.  However, to the extent that Plaintiff seeks either injunctive or declaratory relief establishing the validity of the rescission and, as such, attempting to stay or stop the foreclosure sale, I agree that the plain language of 15 U.S.C. § 1635(f) – which provides that "[a]n obligor's right of rescission shall expire . . . upon the sale of the property" – prohibits his claim for such relief.  Plaintiff's right to rescission expired pursuant to 15 U.S.C. § 1635(f) upon the sale of the property.  To the extent that Plaintiff may be entitled to other relief for Defendant's alleged violation of lender laws, such question remains open for determination on either summary judgment or at trial.

ACCORDINGLY, I ENTER summary judgment in favor of Defendant on Plaintiff's claims to the extent he seeks the affirmative relief of rescission and, as such, I DISMISS Plaintiff's first cause of action in his complaint – which seeks a declaratory judgment that the loan has been rescinded and that the foreclosure sale may not proceed – and his second cause of action – which seeks injunctive relief enjoining the foreclosure sale and all other actions following the rescission of the loan.

Dated: March __1__, 2010, in Denver, Colorado.

                                        BY THE COURT:

                                        s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE