IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02302-LTB-BNB

THOMAS G. KRUSE,

    Plaintiff,

v.

US BANK N.A., AS TRUSTEE,

    Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Summary Judgment filed by Defendant US Bank, N.A., seeking dismissal of the claims remaining pending against it by Plaintiff, Thomas G. Kruse. [**Doc #47**] Oral arguments will not materially aid in the resolution of this motion. After consideration of the parties' briefs on the issue, and for the reasons stated below, I DENY the motion.

**I. Background**

On July 18, 2007, Plaintiff executed a promissory note secured by a deed of trust encumbering his home located at 6263 Starlight Drive in Morrison, Colorado. On March 13, 2009, Plaintiff sent a Notice of Intent to Rescind the loan at issue, but received no response. Defendant subsequently initiated a foreclosure action on June 26, 2009. On September 3, 2009, the Jefferson County District Court authorized the foreclosure sale on the real property.

Plaintiff thereafter filed this action in Jefferson County District Court, on September 16, 2009, alleging various violations of: 1) The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; 2) The Real Estate Settlement Procedures Act, 15 U.S.C. § 2601, *et. seq.*; 3) The Home Ownership

and Equity Protection Act, 15 U.S.C. § 1639; and 4) state law.  Plaintiff's complaint sought: 1) Declaratory Relief in the form of a declaratory judgment that the loan at issue had been rescinded (First Cause of Action); 2) Injunctive Relief in the form of a order enjoining the sale of his home located at 6263 Starlight Drive because the loan had been rescinded (Second Cause of Action); and 3) Damages in the form of actual damages related to the alleged failure to properly disclose finance charges, closing costs, and fees, and statutory damages under federal and state law for violation of disclosure requirements, as well as failure to properly respond to his Notice of Intent to Rescind (Third Cause of Action).       Plaintiff also filed a motion seeking a temporary restraining order to stop the scheduled foreclosure sale, which was subsequently denied by the Jefferson County District Court.  On September 30, 2009, the Jefferson County Public Trustee sold the property in a foreclosure sale.

The matter was then removed to this court.  On March 1, 2010, I entered summary judgment in favor of Defendant on Plaintiff's claims to the extent he sought affirmative relief of rescission.  Specifically, I determined that "to the extent that Plaintiff seeks either injunctive or declaratory relief establishing the validity of the rescission and, as such, attempting to stay or stop the foreclosure sale, I agree that the plain language of 15 U.S.C. § 1635(f) – which provides that "[a]n obligor's right of rescission shall expire . . . upon the sale of the property" – prohibits his claim for such relief.  Plaintiff's right to rescission expired pursuant to 15 U.S.C. § 1635(f) upon the sale of the property." [Doc # 23]   As a result, I dismissed Plaintiff's first cause of action in his complaint – which sought a declaratory judgment that the loan had been rescinded – and I also dismissed Plaintiff's second cause of action – which sought injunctive relief enjoining the foreclosure sale.  As a result, Plaintiff's only remaining claim is his Third Cause of Action

which seeks actual and statutory damages.

## II.  Motion

In this motion, Defendant seek summary judgment in its favor.  Defendant argues that Plaintiff admitted – via counsel – that he did not have the ability to tender rescission.  Because Plaintiff could not have tendered or effectuated rescission, even if he was entitled to, rescission was not possible.   Defendant maintains that it follows that it  cannot be liable for failure to rescind and, as such, it seeks dismissal of Plaintiff's complaint in this case.

However, as I have discussed above, I have dismissed Plaintiff's claims to the extent that he seeks liability and relief against Defendant based on the alleged rescission of the loan. Rather, Plaintiff's only remaining claim is his Third Cause of Action which seeks damages in the form of 1) actual damages related to the alleged failure to properly disclose finance charges, closing costs and fees related to the loan, and 2) statutory damages under federal and state law for violations of the disclosure requirements and failure to lawfully respond to the notice rescission.  I note that Plaintiff seeks these damages as "set off against any amounts owed to the lender."   Contrary to Defendant's argument, this remaining claim does not include "damages for failure to effectuate rescission" except to the extent that Plaintiff can prove that Defendant is liable for statutory damages for improperly failing to respond to plaintiff's Notice of Intent to Rescind.

In my previous summary judgment order, I ruled that:  "[t]o the extent that Plaintiff claims he is entitled to damages for Defendant's alleged violations of various lender laws – including the failure to effectuate his rescission – I have ruled that at this juncture, Plaintiff has stated a claim for relief . . [and] [t]o the extent that Plaintiff may be entitled to other relief for

Defendant's alleged violation of lender laws, such question remains open for determination on either summary judgment or at trial." Defendant's challenge here is misplaced in that it does not address those claims.

ACCORDINGLY, I DENY the Motion for Summary Judgment filed by Defendant US Bank, N.A., seeking dismissal of the complaint failed by Plaintiff, Thomas G. Kruse. [**Doc #47**]

Dated: March  23 , 2011, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE